**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NAEEMAH H CLEMENS**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **No. 25-3638-KSM** |
| **NATIONSTAR MORTGAGE, LLC,** | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                                       **March 9, 2026**

Pro se Plaintiff Naeemah H. Clemens brings this foreclosure action against Defendant

Nationstar Mortgage, LLC.  (Doc. No. 2.)[1]  Nationstar moves to dismiss the Complaint as a

shotgun pleading.  (Doc. No. 14.)  Clemens opposes the motion and has filed multiple

miscellaneous motions, all of which ask the Court to strike the appearance of defense counsel

and any filings made by counsel.  (Doc. Nos. 9, 15, 17; *see also* Doc. No. 18.)  For the reasons

discussed below, Defendant's motion is granted, and Clemens's motions are denied.

**I.      BACKGROUND**

Clemens's allegations are bare bones and difficult to follow.  Taking those allegations as

true and liberally construing them in Clemens's favor, Clemens alleges that in the early 2000s,

"times got hard," and she "decided to consolidate all [her] bills using the equity in [her] home via

[a] 'Mortgage loan.'"  (Doc. No. 2 at 2.)  On November 16, 2012, a "mortgage document was

drawn up," but Clemens claims the document was "untrue" because she does not recognize the

---

[1] On the Civil Cover Sheet, Clemens also lists as Defendants:  (1) "Pennsylvania Banking and
Securities," (2) Jasmine Aguirre, (3) Frank Fernandez, (4) Y.K. Wilson, (5) Starley Beard-Smith,
(6) Jenee Hall-Butler, and (7) Mark W. Hamilton.  (Doc. No. 2 at 4.)

name of the notary who signed as a witness.  (*Id.*)[2]  On January 16, 2015, the loan, which had an unpaid principal balance of $62,516.02, was "transferred from Chase to Nationstar Mortgage, LLC d/b/a Mr. Cooper."  (Doc. No. 2-1 at 13.)  In April 2025, Clemens stopped making monthly payments.  (*Id.*; *see also* Doc. No. 2 at 2–3 (conceding that she stopped making payments in April 2025 because she was "trying to understand how [she] became party to a contract that [she] should have never been apart [sic] of").)  At that point, the unpaid principal balance had been paid down to $47,924.16.  (Doc. No. 2-1 at 13.)

A few months later, in July 2025, Clemens filed this action against Nationstar.  (*See* Doc. No. 2.)  She claims she has "on numerous occasions attempted to understand the contract between Nationstar mortgage D/B/A Mr. Cooper."  (*Id.* at 2.)  But she remains confused about the nature of her contract with Mr. Cooper because her mortgage documents state "that Mr. Cooper is the Beneficiary" but do not identify "who the Trustee to this Beneficiary nor the Grantor of the Trust is and what relates [her] to this transaction."  (*Id.*)

Clemens claims that her loan is unconscionable and an unlawful "mortgage for private shelter."  (*Id.* at 2–3.)  She demands "relief of every payment put into the false claim of a fraudulent/unconscionable relationship of a contract," which she suggests totals $123,000.  (*Id.* at 3.)  She also seeks removal of the "[d]eed of title at the recorders office and to be left alone in [her] private capacity."  (*Id.*)[3]  Nationstar has moved to dismiss her claims.  (*See* Doc. No. 14.)  Clemens opposes the motion.  (*See* Doc. No. 15.)  But in that and other filings, merely moves for

---

[2] In later filings, however, Clemens concedes that "[o]n or about November 16, 2012, [she] executed a promissory note (the 'Note') in favor of JPMorgan Chase Bank, N.A. in a stated principal amount" and "executed a mortgage encumbering the Property (the 'Mortgage') as security for repayment of the Note."  (Doc. No. 18 at 2.)

[3] In later filings, Clemens frames her claims as ones "for quiet title, declaratory relief, equitable accounting, and statutory remedies" (Doc. No. 18 at 1), but that relief is not requested in her Complaint, nor is it supported by the allegations in her Complaint.

disqualification of defense counsel and to strike Nationstar's filings because counsel has not provided "proof of delegated authority."  (*See* Doc. Nos. 9, 15, 17.)

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Facial plausibility" is when a plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This "plausibility standard" is not the same as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Although a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion, the plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted); *see also Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (explaining that the court "must accept the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (quotation marks omitted)).

## III.    ANALYSIS

Nationstar argues that Clemens's Complaint must be dismissed as an improper shotgun pleading.  (Doc. No. 14 at 3.)  The Court agrees.  The Complaint provides virtually no factual allegations, and what few allegations were provided contradict each other.  For example, Clemens appears to concede that she requested the underlying loan but simultaneously claims the loan documents are "untrue."  (*See* Doc. No. 2 at 2.)  Clemens also fails to identify any causes of action, and instead, uses legal terms such as "unconscionable" without tying those terms to the

facts, a cause of action, or a request for relief. (*Id.*) In short, the manner in which Clemens has presented her allegations runs afoul of Federal Rules of Civil Procedure 8 and 10. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *see also Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988) (criticizing the "all too common shotgun pleading approach" to complaints).[4]

Clemens does not respond to Nationstar's shotgun pleading argument,[5] and instead, argues that the motion should be stricken because defense counsel has not "shown proper delegation." (Doc. No. 15 at 1; *see also* Doc. Nos. 9, 18.) Contrary to Clemens's belief, defense counsel does not need to submit retainer agreements or other proof of his authority to represent Nationstar in this matter. Defense counsel, like all attorneys, is governed by the relevant rules of ethics, and by entering an appearance in this matter, implicitly represents that he has authority to represent Nationstar in this action. Clemens's motions challenging defense counsel's authority to represent Nationstar are baseless and therefore, denied.

---

[4] Rule 8(a)(2) requires every complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires every party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and when "doing so would promote clarity," to state "each claim founded on a separate transaction or occurrence . . . in a separate count." Fed. R. Civ. P. 10(b).

[5] On January 20, 2026—more than two months after Nationstar filed its motion to dismiss and Clemens filed her initial response—Clemens submitted a "Declaration in Support of Quiet Title and Related Relief." (Doc. No. 18 at 1.) The declaration is so starkly different from Clemens's previous filings that the Court can only conclude it was drafted with the assistance of a third party or artificial intelligence. (*Compare* Doc. Nos. 2, 15, 17, *with* Doc. No. 18.) Nevertheless, the declaration provides little clarity on the nature of Clemens's claims or the factual allegations on which they rest, and even if they did, a declaration cannot be used to fix or supplement the errors in the Complaint.

4

## IV.      CONCLUSION

For the reasons discussed above, Nationstar's motion to dismiss (Doc. No. 14) is granted

and the Complaint is dismissed.[6]  An appropriate order follows.

---

[6] Dismissal is without prejudice, however, and Clemens will be given an opportunity to file an amended complaint that comports with Rules 8 and 10.