**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **NAEEMAH H CLEMENS**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **No. 25-3638-KSM** |
| **NATIONSTAR MORTGAGE, LLC,** | |
| Defendant. | |

## **ORDER**

**AND NOW** this 9th day of March, 2026, upon consideration of Defendant's Motion to

Dismiss (Doc. No. 14) and Plaintiff's opposition (Doc. Nos. 15, 17, 18), it is **ORDERED** that:

1.      The motion is **GRANTED** for the reasons stated in the Court's Memorandum.

2.      Plaintiff is given thirty (30) days to file an amended complaint that complies with

Federal Rules of Civil Procedure 8 and 10.  Any amended complaint shall state the basis for

Plaintiff's claims against Defendant and shall bear the title "Amended Complaint" and the case

number 25-3638.  If Plaintiff files an amended complaint, her amended complaint must be a

complete document that does not rely on the initial Complaint or other papers filed in this case to

state a claim.

3.      If Plaintiff does not wish to amend her Complaint and instead intends to stand on

her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d

Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

4.    If Plaintiff fails to file any response to this Order, the Court will conclude that she intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike (Doc. Nos. 9, 15) are

**DENIED.**


BY THE COURT:

/s/*Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**